UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| | Plaintiff, | 3:17-cr-00003-LRH-WGC |
| v. | | ORDER |
| RICKY CARTER, JR., | | |
| | Defendant. | |

Before the court is defendant Ricky Carter Jr.'s motion in limine. ECF No. 26. The United States has responded. ECF No. 28. Because the United States concedes that the *Miranda* warning provided to Carter was deficient, any statements that he made during the interrogation are inadmissible as substantive evidence. If, however, Carter decides to testify at his trial, his statements may potentially be used for impeachment purposes.

**I.    Background**

Carter is charged by indictment with one count of felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1), 924(a)(2). ECF No. 1. Reno Police Department ("RPD") officers discovered the firearm after initiating a traffic stop of Carter's vehicle on November 30, 2016. ECF No. 23 at 2. At the time, the officers had been searching for Carter in order to question him in relation to a shooting at a bar in Reno, Nevada, that took place on October 1, 2016. ECF No. 24 at 1–2.

The officers initiated the traffic stop after coincidently pulling alongside Carter's vehicle in traffic. *Id*. at 2. Having recognized him from the shooting investigation and recalling that his driver's license was indefinitely suspended, the officers decided to pull him over. At that point,

they discovered the firearm in plain view in his vehicle. Because the officers were aware that Carter was a convicted felon and thus could not possess a firearm, they arrested him and transported him to the Reno Police Department for questioning.

Carter was eventually placed in an interview room and spoke with a RPD detective. ECF No. 26 at 2. While a transcript or recording of the interview has not been presented to the court, Carter represents, and the United States does not dispute, that the detective provided Carter an incomplete *Miranda* warning from memory. *Id*. Specifically, the detective did not advise Carter that anything he said could be used against him in court. *Id*. The detective also failed to seek from Carter a written or oral waiver of his rights before questioning him. *Id*. Moreover, Carter contends that he eventually invoked his right to remain silent by stating to the detective, "I don't have nothing else to discuss." *Id*.

## II. Discussion

The United States concedes that the *Miranda* warning at issue was deficient and that Carter's statements regarding the shooting are inadmissible in its case-in-chief as substantive evidence. ECF No. 28 at 1. However, the United States contends that the statements may be admissible for impeachment purposes during cross-examination if Carter intends to testify. *Id*. at 2; *see Oregon v. Elstad*, 470 U.S. 298, 307 (1985) ("Despite the fact that patently *voluntary* statements taken in violation of *Miranda* must be excluded from the prosecution's case, the presumption of coercion does not bar their use for impeachment purposes on cross-examination."). During calendar call on June 8, 2017, the court inquired whether Carter's counsel had any objection to this specific assertion or otherwise wished to file a written reply. He responded that he had no objection at the time.

Because Carter's statements are, as the United States concedes, clearly inadmissible, the court will grant Carter's motion. If he intends to testify at his trial, the court will, at that time and outside the jury's presence, address the issue of impeachment of Carter through cross examination covering his prior statements to RPD officers.

///

///

2

**III. Conclusion**

IT IS THEREFORE ORDERED that defendant Ricky Carter Jr.'s motion in limine (ECF No. 26) is **GRANTED**.

IT IS SO ORDERED.

DATED this 9th day of June, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE